UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LYONS, | ) Case No. CV 17-3100-MWF (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT FOR ) FAILURE TO PROSECUTE |
| CITY OF LONG BEACH et al., | ) |
| Defendants. | ) |

Plaintiff filed this pro se civil-rights action on April 25, 2017, and was subsequently granted leave to proceed in forma pauperis. In the meantime, he filed a First Amended Complaint and a "Supplemental" complaint. After the previously assigned Magistrate Judge dismissed the combination complaint with leave to amend, his order to that effect was returned to the Court on February 13, 2018, as undeliverable, with the notation that Plaintiff had been "discharged." Plaintiff has not filed a change of address, and the Court's review of the California Department of Corrections and Rehabilitation's Inmate Locator website shows no listing under his name. On April 3, the previously assigned Magistrate Judge ordered him to show cause

why this action should not be dismissed for failure to prosecute. Plaintiff has not timely responded. The case was subsequently transferred to the undersigned.

Local Rule 41-6 provides that

> [a] party proceeding *pro se* shall keep the Court . . . apprised of such party's current address . . . . If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

<u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. <u>See also</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (as amended) ("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" (alterations in original) (citation omitted)). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, no less drastic sanction is available, as Plaintiff has ceased communicating with the Court and, because he has not filed a change of address, the Court has no way to contact him. The Court cannot simply leave his lawsuit hanging on its docket with the hope that he might someday reappear. See Scott v. Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep Court apprised of address under Local Rule 41-6). Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.

Accordingly, this action is dismissed under the Court's inherent power to achieve the orderly and expeditious disposition of cases and because Plaintiff has not complied with Rule 41-6.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 5, 2018

_____
MICHAEL W. FITZGERALD
U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge